Frank G. Long (#012245)
flong@dickinsonwright.com
Casandra C. Markoff (#033990)
cmarkoff@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004-4568
Phone: (602) 285-5000
Fax: (602) 281-5100
Firm Email: courtdocs@dickinsonwright.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International,<br><br>Plaintiff,<br><br>v.<br><br>Central Coast Agriculture, Inc., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff BBK Tobacco & Foods, LLP, d/b/a HBI International ("BBK"), for its Complaint against Defendant Central Coast Agriculture, Inc. ("Defendant"), states as follows:

## **NATURE OF CASE**

This is an action for trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); and trademark infringement and unfair competition under the common law of the State of Arizona.

1

## THE PARTIES

1. BBK is an Arizona limited liability partnership with its principal place of business in Arizona

2. Defendant Central Coast Agriculture, Inc. is a Delaware corporation with a place of business in Buellton, California.

3. Defendant filed a Certificate of Incorporation with the State of Delaware Secretary of State on November 13, 2018.

4. Central Coast Agriculture, LLC was a limited liability company formed under the laws of the State of Delaware on October 23, 2015.

5. Central Coast Agriculture, LLC filed a Certificate of Conversion with the State of Delaware Secretary of State on November 12, 2018.

6. The Certificate of Conversion states that Central Coast Agriculture, LLC filed it "for the purposes of converting it to a business corporation" using "[t]he name of . . . 'Central Coast Agriculture, Inc.'"

7. Upon information and belief, Defendant is the successor to Central Coast Agriculture, LLC.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. This case primarily involves a federal question, complete diversity of citizenship exists, and the amount in controversy exceeds $75,000. Subject matter jurisdiction over HBI's related state common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

9. On or about January 26, 2017, BBK received an e-mail inquiry from a sender identified by Name as "Samantha Brown" whose "Company Name" was "Central Coast Agriculture" with the "Address" of "290 Valley Station Drive #105, Buellton,

California 93427," and an email address of Sam@CCAgriculture.com (the "January 26, 2017 Inquiry").

10. The January 26, 2017 Inquiry stated, in part: "Hi there! I'd like to inquire about custom printed Raw pre-roll *[sic]* cones. We'd love to use your product because you are the highest quality supplier for organic hemp papers, but we would like to have our logo printed on the crutch *[sic]*, if possible. Our order quantity will be well above 10,000 pieces.  Is that a possibility?"

11. BBK identified the January 26, 2017, Inquiry as "RAW WHOLESALE INQUIRY [#6992]."

12. On January 26, 2017, Brad Hill, a Sales Representative of BBK responded to "Samantha" at "Sam@CCAgriculture.com" by email, identified as "HBI (RAW) INTERNATIONAL ACCOUNT SETUP" (the "First January, 26, 2017 Email").

13. The First January 26, 2017, Email stated, in part, the following: "I thank you for your inquiry . . . we offer our RAW CONES as the cone to customize but it will be a Co-branded tip. So RAW on one side, your logo on the other. Once we get your account setup, I'll have you email me with your logo so I can forward that to our design team and they can get a mock up.  . . . I really appreciate your time and hope we can do some business together for the rest of time!"

14. Also on January 26, 2017, BBK Sales Representative Brad Hill sent to "Samantha" at "Sam@CCAgriculture.com" a second email attaching three forms provided by BBK to new customers (the "Second January 26, 2017, Email").

15. On January 26, 2017, "Samantha" at "Sam@CCAgriculture.com" sent an email to attaching signed copies of the three BBK customer forms (the "Third January 26, 2017, Email").

3

16. Defendant uses the Website domain names: www.rawgarden.farm and www.rawgarden.co (the "Raw Garden Domain Names").

17. Defendant operates a website at the www.rawgarden.co domain name (the "Merchandise Website").

18. The image below is an excerpt from a page of the Merchandise Website:

19. The Merchandise Website offers for sale apparel and accessories bearing the "RAW GARDEN" name (the "RAW GARDEN Apparel and Accessories").



20. The Merchandise Website offers the RAW GARDEN Apparel and Accessories for sale to the public at large, without geographical restrictions on who may purchase them.

21. The Merchandise Website is an interactive website, on which consumers can place orders for RAW GARDEN Apparel and Accessories.

4

22. The RAW GARDEN Apparel and Accessories offered on the Merchandise Website infringe BBK rights in the RAW® trademark.

23. On information and belief, one or more Arizona consumers have purchased one or more of the RAW GARDEN Apparel and Accessories form the Merchandise Website, and Defendant fulfilled such orders.

24. Through the Merchandise Website, Defendant has transacted business with residents of Arizona and/or purposefully availed itself of the privilege of conducting activities in Arizona.

25. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the activities giving rise to the claims alleged herein occurred in this district. Plaintiff's place of business is in this district, Defendant offers its goods for sale in this district, and Defendant is subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

### BBK's Products, Trademarks and Domain Names

26. BBK produces, distributes and sells tobacco and related products, including cigarette rolling papers, smoking accessories and merchandise, including apparel, and information services regarding these and other products (the "BBK Goods and Services").

27. BBK identifies certain smoking products, apparel and services with the name "RAW" alone or in combination with other words (the "RAW Brand Products and Services").

28. BBK has been selling some RAW Brand Products and Services in U.S. commerce since as early as 2009.

29. BBK owns U.S. Patent and Trademark Office ("PTO") registrations of some of the marks used to identify the RAW Brand Products and Services.

30.     **Appendix A** identifies the RAW Marks registered with the PTO (the "Registered RAW® Marks") and includes copies of the certificates for the Registered RAW® Marks.

31.     BBK owns a registration of various Internet domain names incorporating the name "raw," including but not limited to: www.rawthentic.com; www.rawvapor.com; www.rawsmoke.com; and www.rawfoundation.com, among others (the "RAW Domain Names").

32.     BBK registered the RAW Domain Name on December 04, 2002.

33.     BBK uses the RAW Domain Name to provide access to a website providing information about RAW Brand Products and Services.

34.     BBK uses the RAW Instagram Handle: @rawkandroll; and @rawlife247.com.

35.     BBK uses the RAW Facebook Page Name: RAW Rolling Paper.

36.     This Complaint refers to the names of the RAW Brand Products and Services, the Registered RAW® Marks, the RAW Domain Names, the RAW Instagram Handle and the RAW Facebook Page Name, collectively, as the "RAW Marks and Names."

37.     BBK uses the RAW Marks and Names to promote the RAW Brand Products and Services.

38.     BBK's promotional efforts using the RAW Marks and Names include, among other things: Internet advertising; point-of-sale materials; event sponsorships; contests, and trade-show attendance.

39.     BBK sales and promotion of the RAW Brand Products and Services using the RAW Marks and Names have made the RAW Marks and Names valuable as

6

identifiers of BBK products and services that serve to distinguish the BBK products and services from competing products and services.

40. Customers in this district and elsewhere readily recognize the RAW Marks and Names as distinctive designations of the origin of the BBK Brand Products and Services.

41. The RAW Marks and Names have significant goodwill in the marketplace and are uniquely associated with BBK, its business, as well as the quality and nature of the RAW Brand Products and Services.

**Defendant's Products, Product Name, Domain Name, Instagram and Facebook**

42. Defendant sells cannabis products and apparel ("Defendant's Products").

43. Defendant identifies some of Defendant's Products using the name: "Raw Garden" (the "Raw Garden Product Name").

44. Upon information and belief, Defendant began using the RAW Garden Names after 2011.

45. The registration for the www.rawgarden.farm domain name first issued on October 10, 2016.

46. Defendant uses the Raw Garden Domain Names for websites providing information about Defendant's Products.

47. Defendant uses the Instagram account handle: "@rawgarden" (the "Raw Garden Instagram Handle").

48. Defendant operates a Facebook page using the name: "Raw Garden" (the "Raw Garden Facebook Page Name").

49. This complaint refers to the Raw Garden Product Name, the Raw Garden Domain Names, the Raw Garden Instagram Handle and the Raw Garden Facebook Page Name, referred to collectively as the "Raw Garden Names."

7

**Defendant's PTO Applications for the Raw Garden Product Name**

50. Defendant is the owner of record for the following five (5) pending applications for PTO registration of the Raw Garden Product Name: PTO Serial Numbers: 87-342,208; 87-324,213; 88-266,152; 88-323,474; and 88-488,733 (the "Raw Garden PTO Applications").

51. **Appendix B** identifies the Raw Garden PTO Applications.

52. Defendant became record owner of two (2) of the Raw Garden PTO Applications by assignment from Central Coast Agriculture, LLC.

53. All of the Raw Garden PTO Applications have filing dates after January 2017

54. The RAW Garden PTO Applications seek PTO registration of the "RAW Garden" name, either alone or in combination with certain graphical images, as a trademark for the following goods, among others: "essential oils;" herbs, candy and bakery products; cartridges for electronic cigarettes; "oral vaporizers for smoking purposes;" and "plant extracts."

**Defendant's Infringing Acts**

55. Defendant has infringed on BBK trademark rights in the RAW Marks and Names by making, using, promoting, advertising, distributing, selling, and offering to sell, Defendant's Products using the Raw Garden Names.

56. Upon information and belief, Defendant is using, and has used, the Raw Garden Names intentionally to trade upon the goodwill and substantial recognition associated with the RAW Brand Products and Services.

57. Upon information and belief, Defendant uses the Raw Garden Names to associate Defendant's Products with RAW Brand Products and Services or otherwise trade upon their reputation.

8

58. Upon information and belief, Defendant uses the Raw Garden Names to cause consumer confusion, mistake, or deception regarding the origin, association or sponsorship of Defendant's Products and Services.

59. Upon information and belief, Defendant uses the RAW Garden Names to cause consumers and potential customers to believe erroneously that Defendant's Products and Services are associated with BBK when, in fact, Defendant's Products are not.

60. Defendant's acts outlined herein have caused, and/or are likely to cause, BBK to suffer irreparable injury to its business and substantial loss of goodwill and reputation unless and until a court order enjoins Defendant from continuing to commit the wrongful actions outlined herein.

## COUNT 1

### (Federal Trademark Infringement)

### (15 U.S.C. § 1114)

61. BBK realleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

62. This is an action for trademark infringement arising under 15 U.S.C. § 1114.

63. Defendant's acts caused, or are likely to cause, confusion, mistake, or deception because it is likely that the public will mistakenly believe that Defendant's Products sold using the Raw Garden Names have their source or origin with BBK or are in some manner approved by, associated with, sponsored by or connected with BBK, all in violation of 15 U.S.C. §§ 1114 et. seq.

64. Upon information and belief, Defendant's actions were undertaken willfully, and with the intent to confuse and deceive the public.

9

65. Defendant's acts have damaged, or may damage, BBK's business, reputation and goodwill and have interfered, or may interfere, with BBK's use of the Registered RAW® Marks and sale of the RAW Brand Products and Services.

66. Defendant has caused, and unless enjoined will continue to cause, irreparable harm and injury to BBK for which there is no adequate remedy at law.

67. Pursuant to 15 U.S.C. § 1116 , Defendant should be preliminarily and, upon final hearing permanently, enjoined from using the Raw Garden Names or variants thereof, or otherwise infringing on BBK trademark rights in the Registered RAW® Marks.

68. Pursuant to 15 U.S.C. § 1117, BBK is entitled to recover from Defendant:

   a. All profits received by Defendant from its use of the Raw Garden Names or variants thereof;

   b. Damages sustained by BBK due to Defendant's use of the Raw Garden Names or variants thereof;

   c. Exceptional damages for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater;

   d. All costs of this action, including attorneys' fees.

69. Pursuant to 15 U.S.C. § 1118, BBK is also entitled to an order from this Court compelling Defendant to destroy all materials bearing the Raw Garden Names or variants thereof.

## COUNT 2

**(Federal False Designation of Origin and Representation)**

**(15 U.S.C. § 1125(a))**

70. BBK realleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

10

71. This is an action for false designation of origin arising under 15 U.S.C. § 1125(a).

72. Defendant's use of the Raw Garden Names to identify the Defendant's Products is a false designation of origin that has caused, or is likely to cause, confusion, mistake, and deception as to the affiliation, connection or association between the Defendant's Products and the goods, services and commercial activities of BBK, all in violation of 15 U.S.C. § 1125(a)(1)(A).

73. Upon information and belief, Defendant has infringed on BBK's trademark rights for the RAW Brand Products and Services with the intent to: compete against BBK; trade on BBK's reputation and goodwill by causing consumer confusion and mistake; and deceive the public into believing that Defendant's Products are associated with, sponsored by, or approved by BBK, when they are not.

74. Upon information and belief, Defendant has actual knowledge of BBK's ownership and prior use of the RAW Marks and Names, and, without BBK's consent, has willfully violated 15 U.S.C. § 1125(a).

75. Defendant's aforementioned acts have irreparably injured BBK in an amount to be determined at trial. Such irreparable injury will continue unless and until Defendant is preliminarily and permanently enjoined by this Court from further violation of BBK's rights, for which BBK has no adequate remedy at law.

76. Pursuant to 15 U.S.C. § 1116 , Defendant should be preliminarily and, upon final hearing permanently, enjoined from using the Raw Garden Names or variants thereof, or otherwise infringing on the RAW Marks and Names.

77. Pursuant to 15 U.S.C. § 1117, BBK is entitled to recover from Defendant:

   a. Defendant's profits from selling Defendant's Products using the Raw Garden Names or any variants thereof;

    b. BBK's actual damages, including, but not limited to, BBK's added advertising costs necessitated by Defendant's sale of Defendant's Products using the Raw Garden Names or any variants thereof;

    c. Exceptional damages for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater; and,

    d. The costs of this action; including attorneys' fees.

  78. Furthermore, BBK seeks an order from this Court under 15 U.S.C. § 1118 compelling Defendant to destroy all materials bearing the Raw Garden Names or any variants thereof.

## COUNT 3

### (Anti-Cybersquatting Consumer Protection)

### (15 U.S.C. § 1125(d))

  79. BBK realleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

  80. Upon information and belief, Defendant registered the Raw Garden Domain Names with a bad faith intent to profit from the RAW Marks and Names.

  81. Upon information and belief, Defendant is using the Raw Garden Domain Names with a bad faith intent to profit from the RAW Marks and Names.

  82. The Raw Garden Domain Names registered and/or used by Defendant is identical or confusingly similar to the RAW Marks and Names.

  83. The Raw Garden Domain Names registered and/or controlled by Defendant is confusingly similar to the various RAW Domain Names registered and controlled by BBK.

  84. Upon information and belief, Defendant has no legitimate trademark or other intellectual property rights in the Raw Garden Domain Names.

85. Upon information and belief, the Raw Garden Domain Names do not consist of the legal name of any Defendant or a name otherwise commonly used to identify it.

86. Upon information and belief, Defendant has made no legitimate prior use of the Raw Garden Domain Names in connection with the bona fide offering of any independent goods or services.

87. Upon information and belief, Defendant has not made any bona fide noncommercial or fair use of the RAW Marks and Names on a site accessible under the Raw Garden Domain Names.

88. Upon information and belief, Defendant registered and used the Raw Garden Domain Name with the intent to divert BBK customers, or potential customers, to Defendant for its commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Web sites using the Raw Garden Domain Name.

89. For these reasons, Defendant's registration and use of the Raw Garden Domain Name violates § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

90. Unless enjoined by this court, Defendant will persist in its activities, causing irreparable harm and injury to BBK for which there is no adequate remedy at law.

91. BBK is entitled, under 15 U.S.C. § 1117, to recover from Defendant: its profits; damages sustained by BBK; the costs of this action, including attorney fees; and, at BBK's election and in lieu of actual damages and profits, statutory damages of up to $100,000, but not less than $1,000, for the Raw Garden Domain Names and any other domain names used and/or registered by Defendant that violates 15 U.S.C. 1125(d) .

# COUNT 4

### (Trademark Infringement under Arizona Common Law)

92. BBK realleges and incorporates by reference all allegations contained in the above paragraphs of this Complaint, as though fully set forth herein.

93. This cause of action for infringement arises under the common law of the State of Arizona.

94. Defendant's use of the Raw Garden Names and variants thereof is likely to cause confusion, mistake, or deception as to source, origin, sponsorship, or approval of Defendant's Products, and constitutes infringement of the RAW Marks and Names under the common law of the State of Arizona.

95. By its actions, Defendant has infringed the RAW Marks and Names deliberately and with the intention of wrongfully trading on the goodwill and reputation symbolized by the RAW Marks and Names.

96. BBK is entitled to recover an amount equivalent to the amount of profits that Defendant has derived and may continue to derive as a result of its unlawful misappropriation and infringement of the RAW Marks and Names.

97. Defendant's conduct as described above has been willful, deliberate, malicious, and with intent to injure BBK. Therefore, BBK is also entitled to recover exemplary damages from Defendant in an amount sufficient to punish Defendant and to deter them and others from engaging in similar wrongful conduct in the future.

98. Defendant should also be preliminarily, and upon final hearing, permanently, enjoined from using the Raw Garden Name or variants thereof.

## COUNT 5

### (Unfair Competition under Arizona Common Law)

99. BBK realleges and incorporates by reference all allegations contained in the above paragraphs of this Complaint as though fully set forth herein.

100. This is an action for common law unfair competition arising under the common law of the State of Arizona.

101. By virtue of the acts outlined herein, Defendant has intentionally caused a likelihood of confusion among the public and has unfairly competed with BBK in violation of the common law of the State of Arizona.

102. Defendant's willful acts of unfair competition have caused damage and irreparable injury to BBK in an amount to be determined at trial.

103. Defendant's willful acts of unfair competition under Arizona common law constitute fraud, oppression, and malice. Accordingly, BBK is entitled to exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, BBK respectfully prays that the Court grant the following relief:

1. A judgment in favor of BBK and against Defendant on all causes of action alleged herein;

2. A judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 et seq.;

3. A judgment that Defendant has willfully violated the provisions of 15 U.S.C. §1125(a)(1)(A);

4. A judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1125(d).

5.     An adjudication that Defendant has unfairly competed with BBK under the common law of the State of Arizona;

6.     An adjudication that Defendant has infringed the RAW Marks and Names under the common law of the State of Arizona;

7.     A preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116, preventing Defendant from (a) copying, manipulating, reproducing, distributing, selling, displaying, or otherwise using in any manner the Raw Garden Names on Defendant's Products or other products or services identical or related to the BBK Goods and Services; (b) filing, maintaining or pursuing in any way the RAW Garden PTO Applications or any other application for registration with the PTO or any other governmental agency in the U.S. of the Raw Garden Names and variants thereof as a trademark or service mark for any products involving or associated with BBK Goods and Services and any other products or services identical or related to the BBK Goods and Services; (c) using the Raw Garden Names or any other identical or similar mark, word or name as a trademark, service mark, trade name or corporate name in any manner likely to cause confusion, mistake or deception with BBK, the RAW Marks and Names or any BBK Goods and Services; (d) using, registering or maintaining the Raw Garden Domain Names; and (e) seeking, maintaining, or renewing any Internet domain name representing or incorporating the Raw Garden Names or any other identical or similar mark, word or name as a trademark, service mark, trade name or corporate name in any manner likely to cause confusion, mistake or deception with BBK and/or the RAW Marks and Names;

8.     An order directing Defendant to: (a) notify all customers, distributors, advertisers and other persons, involved in Defendant's sale of, or attempt to sell, products or services using the Raw Garden Names, that the Raw Names and Marks are

16

owned and controlled exclusively by and for the benefit of BBK; (b) deliver to BBK to be destroyed all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession and bearing the Raw Garden Names (or any other mark, name, or other designation, description, or representation that violates § 1125(a)) or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same; (c) cause the Raw Garden Applications to be abandoned at the U.S. Patent and Trademark Office; (d) cause the Raw Garden Domain Names to be transferred to BBK; and (e) to file with this Court and serve upon BBK within thirty (30) days after the service of the injunction, a written report, created under oath, that sets forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

9. Pursuant to 15 U.S.C. § 1118, a preliminary order impounding Defendant's Products using the Raw Garden Names or variants thereof, and any other infringing products, and all articles by means of which such copies may be produced and a permanent order requiring Defendant to deliver and destroy all devices, literature, advertising, goods, products, and other materials bearing the Raw Garden Names, or any other matter that infringes on BBK's rights in the RAW Marks and Names;

10. An accounting for any and all profits derived from Defendant's providing of goods or services through the use of the Raw Garden Marks;

11. Pursuant to 15 U.S.C. § 1117, an award to BBK of:

    a. Defendant's profits and compensatory damages, in an amount to be proven at trial, for the injuries sustained by BBK as a result of the acts complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b);

    b. at BBK's election under 15 U.S.C. § 1117(d), statutory damages in the amount of not less than $1,000 and up to $100,000 per RAW Garden Domain Names, as the court considers just;

    c. punitive and exemplary damages in an amount sufficient to deter in the future Defendant's willful acts complained of herein;

12. An award to BBK of its costs and reasonable attorneys' fees incurred in connection with this action; and,

13. An award to BBK of any such other and/or further relief as the Court deems just and equitable under the circumstances.

Dated: September 18, 2019

            Respectfully submitted,

            */s/ Casandra C. Markoff*
            Frank G. Long
            Casandra C. Markoff
            **DICKINSON WRIGHT, PLLC**
            1850 N. Central Avenue, Suite 1400
            Phoenix, Arizona 85004-4568
            *Attorneys for Plaintiff*

PHOENIX 58183-66 578363v3