Brian W. LaCorte (012237)
LaCorteB@ballardspahr.com
Jonathon A. Talcott (030155)
TalcottJ@ballardspahr.com
Mitchell Turbenson (033278)
TurbensonM@ballardspahr.com
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Tel:   602.798.5400
Fax:   602.798.5595

Brett M. Schuman (*pro hac vice*)
BSchuman@goodwinlaw.com
Jeremy N. Lateiner (*pro hac vice*)
JLateiner@goodwinlaw.com
Nicholas M. Costanza (*pro hac vice*)
NCostanza@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, CA  94111
Tel:   415.733.6000
Fax:   415.677.9041

*Attorneys for Defendant and Counterclaimant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP, an Arizona Limited liability partnership, d/b/a HBI International,<br><br>Plaintiff,<br>v.<br>Central Coast Agriculture, Inc., a Delaware corporation,<br>Defendant. | Case No. CV-19-05216-PHX-MTL<br><br>**CENTRAL COAST AGRICULTURE, INC.'S MOTION TO SEAL** |
| Central Coast Agriculture, Inc., a Delaware corporation,<br>Counterclaimant,<br>v.<br>BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International,<br>Counterdefendant. | |

ACTIVE/110472733.1

Pursuant to Local Rule 5.6, Defendant and Counterclaimant Central Coast Agriculture, Inc. ("CCA") requests leave to file under seal Exhibit 110 to the Declaration of Thomas Martin in Support of CCA's Motion for Partial Summary Judgment ("CCA Declaration"). Exhibit 110 is CCA's one-page balance sheet for the years 2016 through 2020 ("CCA's Balance Sheet"). This Motion to Seal is supported by a declaration from CCA's co-founder and Chief Operating Officer, Thomas Martin ("Martin Dec.").

**I.   LEGAL STANDARD**

A party seeking to seal a judicial record bears the burden of overcoming a presumption in favor of public access to court records by meeting the "compelling reasons" standard if the record relates to a dispositive pleading. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). This means "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Id.* at 1178–79 (citation and quotation marks omitted).

What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179. Courts have regularly recognized that compelling reasons support sealing a record containing a company's sensitive and non-public financial information, such as a balance sheet. *See, e.g.*, *J.R. Simplot Co. v. Wash. Potato Co.*, No. C16-1851RSM, 2016 U.S. Dist. LEXIS 193928, at *2–3 (W.D. Wash. Dec. 29, 2016) ("Compelling reasons exist to seal [a consolidated balance sheet] because the public release of confidential financial information puts Defendants, and the companies which they manage, at a competitive disadvantage when negotiating future loan terms, contracts with customers, and business opportunities."); *see also, e.g.*, *Coalview Centralia, LLC v. TransAlta Centralia Mining*, No. 3:18-CV-05639-RBL, 2019 U.S. Dist. LEXIS 145740, at *3 (W.D. Wash. Aug. 27, 2019) (granting motion to seal exhibits containing "financial information regarding [a party's] operations, which is confidential and not

publicly available"); *GPNE Corp. v. Apple Inc.*, Case No. 12-CV-02885-LHK, 2015 U.S. Dist. LEXIS 92773, at *6 (N.D. Cal. July 16, 2015) (recognizing a trial court's "broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information'"); *Torres Consulting & Law Grp., LLC v. Dep't of Energy*, No. CV-13-00858-PHX-NVW, 2013 U.S. Dist. LEXIS 168772, at *10 (D. Ariz. Nov. 27, 2013).

## II.     DISCUSSION

CCA's Balance Sheet contains non-public financial information about a private company, CCA. CCA's Balance Sheet contains information about CCA's liabilities and assets, including, for example, specific assets in CCA's checking/savings accounts.

If disclosed, the information contained in CCA's Balance Sheet could be used by CCA's competitors to unfairly compete against CCA. (Martin Dec. ¶ 4). CCA uses information contained in CCA's Balance Sheet to guide operations and inform strategic decisions. (Martin Dec. ¶ 3). Public disclosure of CCA's Balance Sheet would unfairly give CCA's competitors an unfair opportunity to access private information about CCA's operations and strategic decisions. (Martin Dec. ¶ 4).

The purpose of including CCA's Balance Sheet as an exhibit to the Motion for Partial Summary Judgment is to show that CCA would be prejudiced if the Court permitted BBK to wait longer than the three-year laches period to file suit. CCA believes the Court should be able to reference CCA's Balance Sheet (if necessary) in its order on the Motion for Partial Summary Judgment without quoting specific dollar amounts contained in CCA's Balance Sheet.

## III.    CONCLUSION

CCA respectfully requests the Court grant this Motion to Seal CCA's Balance Sheet, which is Exhibit 110 to the CCA Declaration in support of CCA's Motion for Partial Summary Judgment.

1 | Dated: June 21, 2021

Respectfully submitted,

By: */s/ Brian W. LaCorte*
 Brian W. LaCorte
 Jonathon A. Talcott
 Mitchell Turbenson
 **BALLARD SPAHR LLP**
 1 East Washington Street, Suite 2300
 Phoenix, AZ  85004-2555

 Brett M. Schuman
 Jeremy N. Lateiner
 Nicholas M. Costanza
 **GOODWIN PROCTER LLP**
 Three Embarcadero Center
 San Francisco, CA  94111
*Attorneys for Defendant and Counterclaimant*