Brian W. LaCorte (012237)
LaCorteB@ballardspahr.com
Jonathon A. Talcott (030155)
TalcottJ@ballardspahr.com
Mitchell Turbenson (033278)
TurbensonM@ballardspahr.com
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Tel:   602.798.5400
Fax:  602.798.5595

Brett M. Schuman (*pro hac vice*)
BSchuman@goodwinlaw.com
Jeremy N. Lateiner (*pro hac vice*)
JLateiner@goodwinlaw.com
Nicholas M. Costanza (*pro hac vice*)
NCostanza@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, CA  94111
Tel:   415.733.6000
Fax:  415.677.9041

*Attorneys for Defendant and Counterclaimant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| BBK Tobacco & Foods, LLP, an Arizona Limited liability partnership, d/b/a HBI International,<br><br>Plaintiff,<br><br>v.<br><br>Central Coast Agriculture, Inc., a Delaware corporation,<br><br>Defendant. | Case No. CV-19-05216-PHX-MTL<br><br>**DEFENDANT'S MOTION TO EXCEED PAGE LIMITATION FOR MOTION FOR SUMMARY JUDGMENT** |
| Central Coast Agriculture, Inc., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International,<br><br>Counterdefendant. | |

Pursuant to this Court's prior order granting Plaintiff BBK Tobacco & Foods, LLP's ("BBK") Rule 56(d) request, Doc. 196, Defendant Central Coast Agriculture, Inc. ("CCA") plans to refile a motion for summary judgment and hereby requests leave to exceed the seventeen (17) page limitation in LRCiv 7.2(e) by eight (8) pages for a total of twenty-five (25) pages.

By way of background, the Court previously granted CCA's motion to exceed page limits to twenty-one (21) pages with regard to its initial motion for summary judgment (and denied BBK's demand for a pre-motion conference). (Doc. 181). CCA's prior motion raised three grounds for dispositive relief: (1) laches; (2) statute of limitations; and (3) no evidence establishing a likelihood of confusion as a matter of law. (Docs. 182). CCA's motion to exceed was justified because the additional pages were necessary to analyze three issues involving laches: (a) whether BBK could justify its three-year plus delay in filing suit following actual knowledge of CCA's use of the allegedly infringing Raw Garden mark; (b) whether BBK's delay prejudiced CCA; and (c) whether BBK can justify its delay under the six *E-Systems* factors. *See E-Systems, Inc. v. Monitek, Inc.*, 720 F.2d 604, 607 (9th Cir. 1983). The greater number of pages was further justified because the third ground for summary judgment (no evidence of a likelihood of confusion) required discussion of the Ninth Circuit Court of Appeals' eight *Sleekcraft* factors. *See AMF, Inc. v. Sleekcraft*, 599 F.2d 341, 348–49 (9th Cir. 1979).

On June 21, 2021, CCA filed its 21-page motion for summary judgment. BBK then moved for relief under Rule 56(d), arguing that it needed time "to obtain expert testimony that will materially aid BBK's opposition" to CCA's motion for summary judgment. (Doc. 188). In granting BBK's request for Rule 56(d) relief, the Court denied CCA's initial motion for summary judgement "without prejudice to it being re-filed (in the same form, or in a different form, in Defendant's discretion) after the Plaintiff's expert disclosure deadline on 8/13/2021." (Doc. 196).

BBK has now had the opportunity it sought to obtain expert testimony. Both sides have served opening expert reports and also rebuttal reports. CCA now intends to refile the

summary judgment motion in substantially similar form to its prior motion with two notable differences. First, now having BBK's expert opinion regarding damages wherein BBK seeks disgorgement of CCA's profits, CCA will add an argument regarding the recoverability of those alleged profits that was previewed in discovery motion practice. (*See, e.g.*, Doc. 74). Second, CCA's motion will address the expert testimony that BBK has now disclosed and demonstrate why that expert testimony—which formed the explicit basis for BBK's Rule 56(d) motion—does not defeat summary judgment for CCA. The additional issues to be addressed in CCA's motion for summary judgment necessitate a modest increase of four pages from CCA's previously filed motion for summary judgment. *See, e.g.*, *Stuart v. City of Scottsdale*, No. CV-20-00755-PHX-JAT, 2021 U.S. Dist. LEXIS 6354, at *2–3 (D. Ariz. Jan. 13, 2021) (granting request to file a 38-page response to a motion for summary judgment given "the complexity and number of legal issues in [the] case").

Pursuant to the Court's Scheduling Order and in advance of this request, counsel for CCA explained the need for additional pages to counsel for BBK and requested BBK's consent to a reciprocal increase in pages. (**Exhibit 1** ("Declaration of Mitchell Turbenson"); **Exhibit 2** ("September 15, 2021 E-mail between M. Turbenson and J. Grimsley"); Doc. 31 at 8)). BBK flatly rejected CCA's request. (Exhibit 2). Counsel for BBK did not identify how CCA's request lacked good cause but, instead, *again* demanded CCA agree to a pre-motion conference and *again* raised that it believes the motion is premature. (Exhibit 2).

BBK's response lacks merit for two reasons. First, the Court has already denied BBK's request for a pre-motion conference and neither objection relates to whether CCA should be permitted to file a 25-page motion. Rather, both issues go to BBK's *opposition* to the merits of the underlying motion for summary judgment. BBK will have san opportunity to respond to CCA's motion for summary judgment on the merits, but it has no basis to forestall CCA's *filing* of the motion in the first instance. Simply put, BBK does not have editorial control over CCA's motion, nor should it be able to use a pre-motion

2

1  conference to color the Court's view of purported factual issues.

2  Second, BBK is clearly moving the goalposts to try to avoid having to respond to a potentially dispositive motion by CCA. BBK previously told this Court that it would be prepared to respond to CCA's motion for summary judgment by August 27, 2021, following its expert disclosures. (Doc. 193 at 7). It is now nearly one month later, and both those disclosures *and* rebuttal disclosures have been made. It is clear to CCA that those reports do not prevent summary judgment. BBK cannot now unilaterally dictate when CCA files its motion for summary judgment, especially in the context of a simple request to exceed page limits. This sort of pre-motion gamesmanship is wholly inappropriate.

Accordingly, CCA respectfully asks for an additional four pages for its to-be-filed motion for summary judgment, for a total of up to 25-pages for the motion. A form of proposed order is lodged herewith.

Dated: September 21, 2021

Respectfully submitted,

By: */s/ Brian W. LaCorte*
Brian W. LaCorte (012237)
lacorteb@ballardspahr.com
Jonathon A. Talcott (030155)
TalcottJ@ballardspahr.com
Mitchell Turbenson (033278)
TurbensonM@ballardspahr.com
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, AZ  85004-2555
Tel:   602.798.5400
Fax:   602.798.5595

Brett M. Schuman (*pro hac vice*)
BSchuman@goodwinlaw.com
Jeremy N. Lateiner (*pro hac vice*)
JLateiner@goodwinlaw.com
Nicholas M. Costanza (*pro hac vice*)
NCostanza@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, CA  94111
Tel:   415.733.6000
Fax:   415.677.9041
*Attorneys for Defendant and Counterclaimant*