WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP, | No. CV-19-05216-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Central Coast Agriculture Incorporated, | |
| Defendant. | |

Before the Court are motions to seal filed by Plaintiff BBK Tobacco & Foods, LLP ("BBK") (Docs. 233, 240, 244) and Defendant Central Coast Agriculture Incorporated ("CCA") (Doc. 242), and a Request for Issuance of an Order to Show Cause (Doc. 249) filed by CCA.

**I.**

The parties previously stipulated to a Protective Order that permits the "most sensitive" information, including but not limited to trade secrets or other "highly sensitive and proprietary confidential information," to be designated as "HIGHLY CONFIDENTIAL–FOR COUNSEL EYES ONLY." (Doc. 52 at 2–3.)

On October 5, 2021, BBK filed a Motion for Extension of Time (Doc. 209) to respond to CCA's Motion for Partial Summary Judgment (Doc. 203). In the Motion and attached supporting declaration, BBK inadvertently disclosed information that CCA had marked, pursuant to the stipulated Protective Order, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." (Docs. 209, 209-1.) The next day, upon realizing its

mistake, BBK filed a Motion to Seal its unredacted filing. (Doc. 213.) The Court granted the motion. (Doc. 217.)

That same day, October 6, 2021, BBK filed a (purportedly) corrected, redacted version of its Motion for Extension of Time to File Response to CCA's Motion for Partial Summary Judgment. (Doc. 214.) Instead of properly redacting the confidential information, however, BBK merely inserted, by way of Adobe or similar software, black boxes over the text of its motion and supporting declaration, thereby permitting anyone to access the unredacted information by simply clicking on and moving the shaded box. (Doc. 249-1 ¶ 12.) Because the information was not properly redacted, it was disclosed by third-party commercial electronic databases, such as LexisNexis, which reproduce court dockets. (*Id.* ¶¶ 14–15.)

On November 1, 2021, BBK filed a redacted Opposition to CCA's Renewed Motion for Partial Summary Judgment. (Doc. 229.) The opposition was accompanied by numerous exhibits, which had likewise been redacted as necessary. BBK also filed a motion to seal unredacted versions of the opposition and accompanying Exhibit A (Doc. 233.) Those documents are currently lodged under seal at Docs. 234 and 235. BBK likewise lodged under seal unredacted versions of Exhibits G, M, Q, Z, and BB, in anticipation of a motion to seal by CCA. (Docs. 238-1, 238-2, 238-3, 238-4, 238-5.) CCA's motion was filed three days later. (Doc. 242.)

In filing its opposition (Doc. 229), BBK again failed to redact some of CCA's highly confidential information. To remedy this oversight, BBK filed a motion to seal the improperly redacted opposition (Doc. 240) and a corrected, redacted opposition (Doc. 241). In the refiled opposition, however, BBK again inserted shaded boxes to conceal the confidential information rather than redacting it properly. (Doc. 249 ¶ 17.) BBK also failed to request that the Court seal three duplicate copies of the opposition that had been filed inadvertently. (Docs. 230, 231, 232.) At the time, BBK did not realize that the duplicates had been filed. (*See* Doc. 244 at 1.)

On November 4, 2021, CCA informed BBK that several of its documents (Docs.

214, 214-1, 230, 231, 232, 241) were improperly redacted. BBK immediately contacted the Clerk of the Court to request that the documents be temporarily sealed pending the filing of a motion to seal. The Clerk temporarily sealed the documents as requested, and BBK filed a motion to seal (Doc. 244). BBK then filed appropriately redacted versions of Docs. 214, 214-1, and 241. (Docs. 245, 245-1, 246.) BBK did not file corrected versions of Docs. 230, 231, or 232, as those were merely duplicates of the opposition that was filed initially at Doc. 229.

On November 16, 2021, CCA filed a redacted Reply in support of its motion for partial summary judgment. (Doc. 251.) It also filed a motion to seal an unredacted version of the Reply. (Doc. 252.)

**II.**

The public has a right to inspect and copy public judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 567 (1978). Although that right is not absolute, there is a "strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Aut. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The party seeking to seal a judicial record bears the burden of overcoming that presumption by either showing "compelling reasons" if the record is a dispositive pleading or "good cause" if the record is a non-dispositive pleading. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006); *see also Ctr. for Auto Safety*, 809 F.3d at 1096–97. Motions to seal a summary judgement motion or its exhibits must meet the compelling reasons standard. *See Kamakana*, 447 F.3d at 1179, 1181.

**III.**

**A. Motions to Seal**

**1. BBK's Motions**

BBK has three pending motions to seal. (Docs. 233, 240, 244.) In the first, BBK seeks to file the following information, contained in Docs. 229 and 229-2, under seal: (1) BBK's annual revenues from sales of products using BBK's RAW marks, BBK's annual

unit sales of products using BBK's RAW marks, and the names of some of BBK's customers; (2) BBK's non-public marketing expenditures; and (3) information about BBK's settlement discussions with CCA and third parties, including BBK's settlement positions, strategies, and proposed terms. (Doc. 233.) BBK argues that the disclosure of this information, which is kept confidential and not shared with third parties, would place it at a competitive disadvantage. (Doc. 233-1 ¶¶ 4–9.)

The Supreme Court has recognized that "sources of business information that might harm a litigant's competitive standing" may be filed under seal notwithstanding the public's general right to inspect and copy judicial records. *Warner Commc'ns, Inc.*, 435 U.S. at 598–99; *see also MD Helicopters Inc. v. Boeing Co.*, No. CV-17-02598-PHX-JAT, 2019 WL 2184762, at *2 (D. Ariz. May 21, 2019). Likewise, courts have frequently held that settlement discussions and negotiations meet the compelling reasons standard. *See, e.g.*, *San Diego Comic Convention v. Dan Farr Prods.*, No. 14-cv-1865, 2018 WL 2717880, at *1–2 (S.D. Cal. June 5, 2018); *Brightwell v. McMillan Law Firm*, No. 16-cv-1696, 2017 WL 5885667, at *1–2 (S.D. Cal. Nov. 29, 2017); *Prosurance Group, Inc. v. Liberty Mutual Group, Inc.*, No. 10-cv-0260, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011). This case is no exception. BBK has sufficiently shown that revealing its confidential revenue and sales figures, marketing expenditures, and the content of its settlement discussions would likely harm its competitive standing. (Doc. 233-1 ¶¶ 4–9.) Moreover, BBK's request is narrowly tailored. BBK does not seek to file either its Opposition or Exhibit A entirely under seal, but rather seeks to file under seal only those particular sub-exhibits, paragraphs, and lines that reference sensitive financial or settlement information. Pursuant to its narrow request, BBK has filed publicly available, redacted versions of the documents. (*See* Docs. 229-1, 246.) BBK's interest in keeping the above information confidential therefore outweighs the public's interest in accessing a miniscule portion of the record. BBK's motion to seal (Doc. 233) will therefore be granted.

In its second pending motion (Doc. 240), BBK requests that the Court seal its initially filed, redacted Opposition to CCA's motion for partial summary judgment (Doc.

229). This motion to seal was filed to remedy BBK's failure to redact some of CCA's confidential information from its Opposition. BBK has since filed another, properly redacted version of the Opposition. (Doc. 246.) Its initially filed Opposition is therefore duplicative. The Court will order it stricken from the record and BBK's motion to seal (Doc. 240) will be denied.

In the third pending motion (Doc. 244), BBK requests that Docs. 214, 214-1, 230, 231, 232, and 241 be filed under seal. Like Doc. 229, Docs. 230, 231, 232, and 241 are improperly redacted versions of BBK's Opposition to CCA's motion for partial summary judgment. Again, because BBK has since filed a correctly redacted version of its Opposition (Doc. 246), these earlier filed, improperly redacted versions are needlessly duplicative and will be ordered stricken from the record. Docs. 214 and 214-1—the originally filed, improperly redacted versions of BBK's Amended Motion for a Rule 56(d) Extension and accompanying Exhibit A—have likewise been correctly redacted and refiled. (Docs. 245, 245-1.) The Court will therefore order the duplicative, originally filed documents stricken from the record and will deny BBK's motion to seal (Doc. 244).

**2. CCA's Motions**

CCA has two pending motions to seal. (Docs. 242, 252.) In the first, CCA requests that the Court seal four categories of confidential information: (1) CCA's financial information, including statements about profitability and CCA's balance sheet (Doc. 241 at 11 n.5, 15 n.9, 16:1.1); (2) CCA's confidential market research, comprising market research unrelated to the instant case and meant to guide CCA's future business strategies (Docs. 241 at 15:12–15, 31:8–10; 230-4 (Exhibit M); 230-8 (Exhibit Q ¶¶ 30, 31); 231-9 (Exhibit BB)); (3) CCA's future business plans, including information regarding potential future product releases (Docs. 241 at 28:4–6, 30:21–22; 231-7 (Exhibit Z)); and (4) CCA's sales history, including units of products sold and information about amounts of products sold by CCA's customers (Docs. 241 at 9:8–9, 20:6, 9–13; 229-8 at 4–5 (Exhibit G)). BBK opposes CCA's motion only with respect to CCA's request to seal certain statements about its profitability. (Doc. 248.) The Court will first address CCA's unopposed requests and

will then turn to its request to seal statements relating to its profitability.

CCA argues that compelling reasons support its motion to seal its confidential market research. The market research was obtained from CCA's consultant, MFour, and is specific to CCA's goals and business. (Doc. 242-1 ¶¶ 5–6.) It is used by CCA to guide its operations and to inform its strategic decisions. (*Id.*) CCA contends that the research should be sealed because its disclosure would permit CCA's competitors to replicate CCA's business practices and strategies without having to invest the considerable time and resources ordinarily required to obtain meaningful market research. The disclosure, CCA argues, would therefore unduly disadvantage CCA in the highly competitive cannabis market. The Court agrees. The market research is a source of distinct competitive advantage for CCA. *See McMorrow v. Mondelez Int'l, Inc.*, No. 17-cv-2327-BAS-JLB, 2020 WL 406314, at *2 (S.D. Cal. Jan. 24, 2020) ("The Court finds compelling reasons to seal these exhibits because Defendant's marketing and research information gives Defendant a competitive advantage."). CCA's request is also narrow. CCA seeks only to seal the exhibits that comprise the market research and the specific lines in BBK's Opposition that expressly reference such research. In this instance, therefore, CCA's interest in keeping the research confidential outweighs the public's interest in access.

CCA next argues that compelling reasons justify sealing information relating to its future business plans. The Court agrees. The information relates primarily to a potential new product line. It is described in the one-page Exhibit Z and referred to in BBK's Opposition. The information has been kept highly confidential, and its public disclosure would work to the advantage of CCA's competitors and negate the time, ingenuity, and resources expended by CCA in creating the product development plan. (Doc. 242-1 ¶¶ 8–10). "The protection of proprietary business information and prospective business plans is a compelling reason to permit the filing of documents under seal." *Pinkerton Tobacco Co. v. Art Factory AB*, No. 2:20-cv-01322-SB-MRW, 2020 U.S. Dist. LEXIS 245439, at *2 (C.D. Cal. Dec. 28, 2020) (quoting *Morawski v. Lightstorm Entm't, Inc.*, No. CV 11-10294-MMM-JCG, 2013 U.S. Dist. LEXIS 208103, at *4 (C.D. Cal. Jan. 14, 2013)). The Court

will accordingly grant CCA's motion to seal information relating to its future business plans.

The Court will likewise grant CCA's motion to seal information relating to its sales history. The information details CCA's sales data with respect to various locations and products and CCA's sales trends. CCA states that it bases its future business plans and product development plans on its sales history. (Doc. 242-1 ¶¶ 11–15). "[P]ast financial data may meaningfully predict [a company's] future business plans, such that public disclosure of such information may provide a competitive advantage to [a company's] competitors." *Microsoft Corp. v. Motorola*, No. C10-1823JLR, 2012 U.S. Dist. LEXIS 164255, at *17–20 (W.D. Wash. Nov. 12, 2012). CCA's interest in keeping its sales history confidential is substantial, particularly given its position in the emerging cannabis market. Compelling reasons therefore justify granting CCA's motion to seal.

Finally, CCA requests that the Court seal certain of its financial information, including its balance sheet and statements about its profitability. The Court has already determined that compelling reasons justify CCA's request to file its balance sheet under seal and has granted a motion to seal on that basis. (Doc. 194). The Court will not revisit its ruling.

CCA also requests that the Court seal certain statements relating to its profitability. It argues that their public disclosure would unfairly give CCA's competitors an opportunity to access private information about CCA's operations and strategic decisions. BBK opposes CCA's request. (Doc. 248.) It argues that because CCA has placed its profitability in the public domain, it has not discharged its burden of demonstrating compelling reasons to overcome the presumption in favor of public access to judicial records.

CCA previously requested that the Court seal the same statements it seeks to have sealed here. (Doc. 207.) BBK did not oppose CCA's motion. (Doc. 216 at 3.) The Court granted CCA's request. (Doc. 217.) While not dispositive, BBK's decision not to oppose CCA's motion informed the Court's decision.

BBK has since changed its tune, and now opposes CCA's request to seal the exact

statements—albeit in a new document—that the Court previously ordered sealed. In so doing, BBK implicitly challenges the Court's prior ruling. Indeed, BBK acknowledges in its Response that if the Court accepts its arguments, documents previously ordered sealed by the Court will need to be unsealed. (Doc. 248 at 3 n.2.) Thus, notwithstanding its label, its Response is properly construed as a request that the Court reconsider its prior Order. *See, e.g.*, *Burk v. State Farm Fire & Cas. Ins. Co.*, No. CV-14-02642-PHX-SMM, 2017 U.S. Dist. LEXIS 217278, at *3 (D. Ariz. Apr. 25, 2017) (construing plaintiff's opposition to defendant's *Daubert* motion as a motion for reconsideration). So construed, BBK's argument must fail.

BBK's implicit motion for reconsideration is untimely. Under Local Rule 7.2(g)(2), "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." The Court ordered the challenged profitability statements sealed on October 7, 2021. (Doc. 217.) BBK filed its Response to CCA's motion to seal 29 days later, on November 5, 2021. (Doc. 248.) Moreover, BBK has not shown good cause for its delay. BBK explains its change of position as follows: "At the time [CCA initially moved to seal the challenged profitability statements], BBK elected not to oppose CCA's motion as a matter of courtesy. Since that time, however, the statements at issue have become (due to BBK's own technical errors and oversights [*see, e.g.*, Docs. 213, 240 and 244]) a topic of additional discussion between the parties. That discussion has caused BBK to revisit the issue of the true confidentiality of the CCA statement about its profitability." (Doc. 248 at 3.) BBK's explanation does not demonstrate good cause. Indeed, it makes clear that BBK seeks only to remedy its prior decision not to challenge CCA's earlier motion. BBK advances no argument now that it could not have raised in response to CCA's original motion to seal the challenged profitability statements.[*] "Motions for reconsideration . . . are not the place

---

[*] BBK argues that a publicly available CCA job posting, which makes generic statements about CCA's profitability, shows that CCA does not consider statements about its profitability to be confidential. (Doc. 248 at 4.) BBK further states that the job posting only just came to its attention. (*Id.* at 2.) But BBK has apparently been able to access the job posting for some time, as it was "previously mentioned by one of BBK's expert witnesses." (*Id.*) Moreover, the information provided in the job posting is not the same information the

- 8 -

for parties to make new arguments not raised in their original briefs." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Even if BBK's implicit motion for reconsideration were timely, it would yet be denied. Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). In this District, motions for reconsideration of interlocutory orders may be granted only if: "(1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence; (2) There are new material facts that happened *after* the Court's decision; (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision." *Motorola*, 215 F.R.D. at 586. The instant motion does not come within the scope of any of these narrow categories. Instead, BBK's implicit motion is, as CCA suggests, "merely an inappropriate attempt by BBK to belatedly argue that CCA did not meet the sealing standard in the first instance." (Doc. 250 at 4.)

For these reasons, the Court will grant CCA's motion to seal and deny BBK's implicit motion for reconsideration. Moreover, because CCA's latest motion (Doc. 252) requests that the Court seal the exact same statements about CCA's profitability—this time in CCA's Reply in support of its renewed motion for summary judgment—the Court will grant the motion.

**B. Request for an Order to Show Cause**

In addition to its motions to seal, CCA asks that the Court issue an order to show cause requiring BBK to explain (1) why it has repeatedly violated the Court's Protective Order and (2) the steps it is taking to remedy the disclosure of CCA's confidential information. (Doc. 249.) CCA also requests the opportunity to seek an award of fees for time spent responding to BBK's violations of the Protective Order. (*Id.* at 6.) The Court

---

Court ordered sealed. BBK is thus mistaken insofar as it suggests that sealed information has been made publicly available by CCA.

will deny CCA's request. While CCA is correct that BBK has violated the Court's Protective Order on several occasions and that BBK's erroneous filings have caused CCA (and the Court) to expend considerable time and resources, the Court finds that BBK's violations were inadvertent and, in several cases, were caused by technological malfunction rather than carelessness on BBK's part. "Although BBK's counsel (through their assistants) used the redaction tool within Adobe recommended as a means to perform effective redactions, some as-yet unidentified technological error caused the redacted text to not be completely 'scrubbed' from the document." (Doc. 254 at 2.)   That BBK's failure to effectively redact certain documents was inadvertent is evidenced by the fact that some of BBK's own highly confidential information was not effectively redacted. (*Id.*) Moreover, BBK's counsel has stated that it continues to investigate the issue and that, in the meantime, it is taking steps to ensure that any future filings will be properly redacted. (*Id.*)

BBK has also taken prompt and significant steps to remedy the adverse consequences of its errors. For example, each time BBK has been notified that it failed to properly redact confidential information, it has immediately called the Clerk of Court to request that the documents be temporarily sealed and has subsequently filed a prompt motion to seal. (*Id.* at 1, 3.) Similarly, upon being notified that CCA's confidential, ineffectively redacted information was being published on third-party commercial databases, BBK promptly contacted the databases and had the documents removed from public access. (*Id.* at 4.)

Therefore, while BBK has undoubtedly been careless with respect to certain of its filings, the Court concludes that an order to show cause is unwarranted at this time. Nevertheless, the Court admonishes BBK to exercise greater care in ensuring that its documents are appropriately redacted in the future. The failure to do so will result in adverse consequences.

IV.

Accordingly,

**IT IS ORDERED granting** BBK's Motion to Seal (Doc. 233).

**IT IS FURTHER ORDERED denying** BBK's Motions to Seal (Docs. 240, 244).

**IT IS FURTHER ORDERED granting** CCA's Motions to Seal (Docs. 242, 252).

**IT IS FURTHER ORDERED denying** CCA's Request for Issuance of an Order to Show Cause (Doc. 249).

**IT IS FURTHER ORDERED** directing the Clerk of Court to file the unredacted version of BBK's Opposition to CCA's Renewed Motion for Partial Summary Judgment (lodged at Doc. 234) and the unredacted version of accompanying Exhibit A (lodged at Doc. 235) under seal.

**IT IS FURTHER ORDERED** directing the Clerk of Court to file the unredacted version of Exhibits G, M, Q, Z, and BB (lodged at Doc. 238) under seal.

**IT IS FURTHER ORDERED** directing the Clerk of Court to file the unredacted version of CCA's Reply in Support of Renewed Motion for Summary Judgment (lodged at Doc. 253) under seal.

**IT IS FURTHER ORDERED** that the duplicative, ineffectively redacted versions of BBK's Opposition to CCA's Renewed Motion for Partial Summary Judgment (Docs. 229, 230, 231, 232, 241) are stricken from the record. The accompanying attachments, however, are **not** stricken from the record.

**IT IS FINALLY ORDERED** that the duplicative, ineffectively redacted versions of BBK's Amended Motion for a Rule 56(d) Extension and accompanying Exhibit A (Docs. 214, 214-1) are stricken from the record.

Dated this 23rd day of November, 2021.

Michael T. Liburdi
United States District Judge