**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP,<br><br>Plaintiff,<br><br>v.<br><br>Central Coast Agriculture Incorporated, et al.,<br><br>Defendants. | No. CV-19-05216-PHX-MTL<br><br>**ORDER**<br><br>**NOT FOR PUBLICATION** |

Before the Court is the parties' Joint Notice of Discovery Dispute. (Doc. 266.) Plaintiff BBK Tobacco & Foods LLP ("BBK") seeks to depose certain non-testifying expert consultants retained by Defendant Central Coast Agriculture Incorporated ("CCA"). For the reasons that follow, the Court resolves the dispute in BBK's favor and will permit the depositions.

I.

In response to initial expert reports served by BBK, CCA retained a firm named MFour to conduct a rebuttal survey measuring "CA cannabis consumers['] (concentrate consumers specifically) level of care when purchasing Cannabis products" and measuring "consumer[s'] understanding of Raw Garden and perceived affiliated brands." (Doc. 273-1 at 6, 19, 28). The survey instrument and results were delivered to CCA's rebuttal testifying experts and to BBK. BBK was also provided with an authenticating declaration from MFour's Co-Founder and Chief Operating Officer, Jeff Harrelson. (Doc. 273 at 2.)

CCA's testifying experts, Dr. Erdem and Dr. Honka, rely heavily on the survey data.

(*See* Doc. 274-1 ¶¶ 40, 44, 46–47; Doc. 206-36 ¶¶ 28–30.) But neither testifying expert was involved in the survey's design or administration or has knowledge as to how the survey was designed or administered. (Doc. 274 at 3–5.) Upon learning as much, BBK requested to depose someone from MFour with such knowledge. After initially objecting, CCA eventually agreed to work with BBK to facilitate the deposition of Mr. Harrelson. (*See* Doc. 266-2.) At the deposition, Mr. Harrelson testified that he, too, lacked knowledge as to how to the survey was designed or conducted. (*See id.* at 5, 21–22, 34–38.) Mr. Harrelson did, however, identify the two MFour employees that designed and conducted the survey—Ms. Lindsay Fawcett and Ms. Allyson Wehn. (*Id.* at 21–22, 28–29.)

BBK now seeks to depose Ms. Fawcett and Ms. Wehn. CCA objects.

II.

"Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained . . . and who is not expected to be called as a witness at trial. But a party may do so . . . on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D).

Exceptional circumstances are present here. *See Pinal Creek Grp. v. Newmont Min. Corp.*, No. CV-91-1764-PHX-DAE, 2006 WL 1817000, at *6 (D. Ariz. June 30, 2006) ("[E]xceptional circumstances ha[ve] been shown where a non-testifying expert's report will be used by a testifying expert as the basis for an expert opinion."). While CCA has provided BBK with the survey questionnaire and raw data results, BBK has been unable to obtain information regarding the survey's design and methodology. BBK has exhaustively attempted to obtain this information by means other than deposing the non-testifying consultant experts but has been unsuccessful. And BBK must have access to this information to reasonably test the survey's admissibility and reliability.

*Pakootas v. Teck Cominco Metals*, a 2011 case out of the Eastern District of Washington, involved a similar discovery dispute to the one presented here, and is instructive:

> The non-testifying consultant experts whom Plaintiff seeks to depose have engaged in original research and developed data pertinent to specific issues in this case which are relied upon by experts who intend to testify on behalf of the Defendant. They are not consultants who have done no more than offer advice to a litigating party based on expertise in a relevant field. Defendant's testifying experts explicitly rely on certain foundational information which has been developed by these non-testifying consultant experts. This information is not privileged or protectable as attorney work product and it would be unfair to Plaintiff to not allow it to depose the non-testifying consultant experts.

*Pakootas v. Teck Cominco Metals, Ltd.*, No. CV-04-256-LRS, 2011 WL 13113380, at *1 (E.D. Wash. July 7, 2011). So too here. CCA's experts relied extensively on the MFour survey in forming their opinions, and it would be unjust to preclude BBK from deposing the non-testifying consulting experts who designed and conducted the survey.

CCA's arguments in opposition are not persuasive. In essence, CCA contends that the survey "is self-explanatory as to its reliability," and that BBK's expert should be able to identify any deficiencies merely by examining the survey questionnaire and raw data results. (Doc. 273 at 11.) But the law is not so restrictive. *See, e.g.*, *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 951–52 (C.D. Cal. 2015). Moreover, as BBK notes, "[a]ny suggestion that these necessary facts are evident from the survey itself is belied by CCA's experts' admissions that the facts are unknown, and by the inability of Mr. Harrelson to discern them from documents he purports to authenticate." (Doc. 274 at 8.)

Accordingly,

**IT IS ORDERED** resolving the Joint Notice of Discovery Dispute dated December 7, 2021 (Doc. 266) in BBK's favor as described herein. BBK may depose Ms. Fawcett and

Ms. Wehn, or other person(s) designated by MFour that have knowledge of the survey's design and methodology. These limited depositions may be conducted notwithstanding the December 10, 2021 expert deposition deadline set forth in the Court's Scheduling Order (Doc. 31). Additional discovery is not permitted.

**IT IS FURTHER ORDERED** that BBK shall conduct the requisite depositions by no later than **January 28, 2022**.

**IT IS FURTHER ORDERED** that the deadline for dispositive motions and motions challenging expert opinion testimony to be filed is hereby extended to **February 11, 2022**.

**IT IS FINALLY ORDERED** that each party shall bear its own fees and costs in connection with this notice of discovery dispute.

Dated this 5th day of January, 2022.

_____
Michael T. Liburdi
United States District Judge