**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP,<br><br>   Plaintiff,<br><br>v.<br><br>Central Coast Agriculture Incorporated, et al.,<br><br>   Defendants. | No. CV-19-05216-PHX-MTL<br><br>**ORDER** |

At issue is the award of taxable costs to Defendant Central Coast Agriculture Incorporated ("CCA"). Plaintiff BBK Tobacco & Foods LLP ("BBK") filed a Motion to Review Clerk's Judgment on Taxation of Costs (Doc. 457) seeking to remove or reduce the amount awarded to CCA in taxable costs. For the following reasons, BBK's motion is denied.

**I. BACKGROUND**

On July 19, 2015, the Court entered judgment in favor of CCA on Counts I - V and Count VII of the Amended Complaint. (Doc. 443 at 57.) The Court also entered judgment in favor of BBK on Count VI of the Amended Complaint, and on Counterclaims I and II of the Answer to the Amended Complaint. (*Id.*) CCA filed a Bill of Costs with the Court on August 2, 2022, for $49,569.36. (Doc. 446 at 1.) BBK filed a response to CCA's Bill of Costs on August 15, 2022, requesting that: (1) CCA's request for an award of costs be denied in its entirety; (2) the parties be required to bear their own costs; or (3) the costs awarded to CCA be reduced. (Doc. 449 at 13.) On September 20, 2022, the Clerk of Court

entered judgment on taxation of costs to CCA against BBK in the amount of $36,107.26. (Doc. 456 at 5.) Subsequently, BBK filed its Motion to Review Clerk's Judgment on Taxation of Costs. (Doc. 457.) In its motion, BBK makes three primary arguments: (1) that CCA is not the prevailing party and is therefore not entitled to any award of costs; (2) that the Court should use its discretion to order that the parties be required to bear their own costs; or (3) that the award of costs to CCA from subpoenas and depositions should be reduced. (*Id.*)

## II.     LEGAL STANDARD

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax several classes of enumerated costs. Pursuant to Federal Rule of Civil Procedure Rule 54(d)(1), authorized costs "should be allowed to the prevailing party" unless a court, federal statute, or the federal rules otherwise direct. The Court's taxation of costs must also comport with the Local Rules of Civil Procedure for the District of Arizona which "have the 'force of law' and are binding upon the parties and upon the court[.]" *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (quoting *Martel v. Cty. of Los Angeles*, 34 F.3d 731, 737 (9th Cir. 1994)). As relevant here, Local Rule 54.1(e) specifies the items that the prevailing party may receive as taxable costs.

Upon motion for review of a clerk's taxation of costs, a district court reviews de novo the clerk's judgment. *United States ex rel. Lindenthal v. General Dynamics Corp.*, 61 F.3d 1402, 1412 n.13 (9th Cir. 1995). "The general rule on the taxation of costs is that the district court has discretion to fix the costs." *Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989) (citing *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)). But, "such court discretion does not include the authority to tax costs beyond those authorized by statute." *Id.* at 298 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–43 (1986)).

### III. ANALYSIS

#### A. Prevailing Party

The "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). It is not necessary for a party to prevail on all of its claims to be found the prevailing party. *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009). CCA materially altered its legal relationship with BBK through judgment in its favor on Counts I - V, notwithstanding the dismissal on Count VII. As a result of this litigation, CCA is free to use its trademark without the threat of BBK filing a trademark infringement suit. Because CCA can now freely use its trademark, CCA materially altered its legal relationship with BBK.

Conversely, BBK did not materially alter the parties' legal relationship in obtaining judgment on Count VI. BBK's victory on Count VI made four of CCA's PTO applications invalid for a lack of intent to use. Even so, both parties remain free to use the trademarks CCA applied for, just the same as before the suit began. This is not a material alteration of the parties' legal relationship.

Additionally, BBK did not materially alter the parties' legal relationship by obtaining favorable judgment on Counterclaims I and II. Other district courts have held that victories over counterclaims does not create prevailing party status when the prevailing party succeeds on the initial and predominant claims at issue in the case. *See, e.g., Smith & Nephew, Inc. v. Arthrex, Inc.*, No. 3:04-CV-00029-MO, 2012 WL 13184345, at *1 (D. Or. Mar. 30, 2012). CCA succeeded on all claims related to trademark infringement which was the initial and predominant claim at issue in the case. Therefore, BBK's victories on CCA's counterclaims also did not result in a material alteration of their legal relationship. All in all, the Court finds that CCA is the prevailing party.

#### B. Costs Awarded

Because of the presumption in favor of awarding costs, the burden falls on the losing party to demonstrate why costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 1789

F.3d 1069, 1079 (9th Cir. 1999). "Costs for depositions and subpoenas should be awarded if they were reasonably necessary at the time they were incurred, regardless of whether they ultimately proved necessary to the disposition of the action." *See Haitayan v. 7-Eleven, Inc.*, No. CV-17-7454-JFW(JPRx), 2018 WL 5263210, at *2 (C.D. Cal. Aug. 31, 2018) (citations omitted). A district court may, however, reduce costs which are not supported by adequate documentation. *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 998 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010). BBK requests that the court reduce the award for certain subpoena and deposition costs.

### 1. Subpoena Costs

BBK requests that the Court reduce CCA's subpoena cost award because CCA has not proved that the certain challenged subpoenas were necessary at the time they were incurred. (Doc. 457 at 6-8.) But CCA subpoenaed multiple third parties to gain information relevant to its defenses against BBK. (*See* Doc. 458 at 14.) Namely, some of CCA's subpoenas were aimed at discovering when BBK first became aware of the allegedly infringing marks. Thus, at the time CCA incurred its third-party subpoena costs, they were reasonably necessary to its defenses. The fact that some of the subpoenas were never served after initial failed attempts does not lead to a different conclusion. *See Haitayan*, 2018 WL 5263210, at *2. Similarly, it is irrelevant that the information CCA sought through these subpoenas was later gained through other means. *See id.*

Next, BBK argues that the documentation CCA provided for the subpoena costs is inadequate. (Doc. 457 at 7.) But each subpoena invoice states the basis for the costs. (Doc. 446-6 at 2-18.) For example, the documentation explains the reason each amount is due and provides a breakdown of the overall price (e.g., processing fees, mileage costs, and shipping/delivery fees required to serve the subpoena). The Court finds that this constitutes adequate documentation of the subpoena costs incurred by CCA. As a result, BBK's request for reduced subpoena costs is declined.

### 2. Deposition Costs

BBK claims that CCA's awarded deposition costs should be reduced because the

challenged depositions "were taken to address issues involving claims completely different from the trademark-infringement claims on which the Court granted CCA judgment." (Doc. 457 at 8.) But BBK cites no authority preventing the taxation of costs related to CCA's losing claim. *See Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-00159-CW (MEJ), 2014 WL 5494906, at *4 (N.D. Cal. Oct. 30, 2014) (rejecting the argument that "Apple should not recover [costs related to damages that] were never considered by the district court" because "it was reasonable for Apple to conduct damages-related discovery"). As the prevailing party in this case, CCA is entitled to valid taxable deposition costs that were reasonably necessary at the time they were incurred. *See Haitayan*, 2018 WL 5263210, at *2. The Court finds that all the deposition costs at issue in BBK's motion were reasonably necessary at the time they were incurred. Therefore, BBK's request for reduced deposition costs is declined.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that BBK's Motion to Review Clerk's Judgment on Taxation of Costs is denied. (Doc. 457.)

**IT IS FURTHER ORDERED** that the clerk's judgment on taxation of costs in the amount of $36,107.26 to Central Coast Agriculture Incorporated is affirmed. (Doc. 456.)

Dated this 17th day of February, 2023.

Michael T. Liburdi
United States District Judge