WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP,<br><br>Plaintiff,<br><br>v.<br><br>Central Coast Agriculture Incorporated, et al.,<br><br>Defendants. | No. CV-19-05216-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiff BBK Tobacco & Foods LLP's ("BBK") Motion for Leave to Supplement Disclosure. (Doc. 522.) Defendant Central Coast Agriculture Inc. ("CCA") timely responded (Doc. 526), and BBK subsequently replied (Doc. 531). For the forthcoming reasons, Plaintiff's Motion will be denied.[1]

**I.**

In the September 10, 2020 scheduling order, the Court set the deadline for Fact Discovery as May 14, 2021. (Doc. 31 at 2.) The Court did not extend this deadline, and Fact Discovery subsequently concluded on May 14, 2021. Following extensive discovery, briefing, and oral argument, the Court granted CCA's motion for partial summary judgment. (Doc. 443.) On appeal, the Ninth Circuit Court of Appeals reversed-in-part and remanded the case back to this Court for further proceedings. (Doc. 466.) That day, this Court ordered a trial setting conference for August 27, 2024. (Doc. 467.)

---

[1] After considering the briefs, the Court has determined that oral argument is not necessary for its decision-making process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

There, the Court and the parties discussed whether any additional discovery needed to be disclosed. As relevant to the instant Motion, the parties agreed on the record that only the parties' financial disclosures would be supplemented and only to the extent that the data would be trued-up, but no new methodologies or arguments were to be included. (Doc. 477 at 12:14 to 19:20.) Accordingly, the Court ordered the parties to supplement their previous disclosures with updated financial data from the 2021 to 2024 calendar years.[2] (Doc. 476.)

On September 5, 2024, without notice to the Court, CCA served BBK supplemental disclosures, detailing a new unclean hands defense.[3] (Doc. 526 at 5; *see* Doc. 478-25.) In turn, BBK seeks leave from the Court to supplement its final disclosure, hoping to include BBK's recent trademarks as well as additions to CCA's product line and packaging. (Doc. 522 at 2–4.) CCA opposes this request. (Doc. 526.)

**II.**

BBK raises two arguments supporting its Motion. First, BBK contends "that it would be contrary to the interests of justice for the jury to render a verdict based on facts as they existed only as of May 2021 but not at the time of trial." (Doc. 522 at 2.) BBK concedes the necessity of pretrial disclosure deadlines and consequently that trials generally proceed with incomplete facts. (Doc. 522 at 4.) But BBK contends that because more than four years will pass between the disclosure deadline and trial, justice will not be adequately served without this additional supplemental disclosure. (Doc. 522 at 4.)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1181 (9th Cir. 1988) ("District court judges possess broad authority to regulate the conduct of discovery . . . ."). The Court already gave the parties leave to supplement their financial disclosures and expert reports through December 2024, finding good cause to do so following the trial setting conference. (*See* Doc. 476.) During the trial setting conference,

---

[2] The Court also ordered the parties to supplement their financial expert reports and permitted the parties to depose those expert witnesses. (Doc. 476.)
[3] LRCiv 5.2 requires a party to file a notice of discovery on the docket "within a reasonable time after service" to the opposing party. The docket does not reflect any such notice.

- 2 -

1 BBK had the opportunity to raise these concerns but chose not to do so. (*See* Doc. 477.) Instead, BBK filed this Motion over three months later. (Doc. 522.) BBK identifies no authority to support the conclusion that a four-year gap between the final disclosure deadline and trial is inappropriate or otherwise an abuse of the Court's discretion. (*See* Docs. 522, 531); *see also Century 21*, 846 F.2d at 1181. Lacking both good cause and the Court's consent, BBK's first argument for leave to supplement its disclosures fails.

Second, BBK points to additional supplemental disclosures made by CCA without leave of the Court on September 5, 2024. (Doc. 522 at 4–5; *see* Doc. 478-25.) BBK argues that in the interest of fairness and reciprocity, the Court should grant BBK leave to supplement its disclosures. (Doc. 522 at 4–5.) But reciprocity is ultimately not a concern here. The Court has not granted either party leave to supplement their disclosures, apart from the narrow leave to supplement the parties' financial information. While CCA disclosed additional facts beyond their financial information, the Court has not relied on these additional facts to date, even when ruling on the cross motions for summary judgment. (*See* Doc. 556.) In fact, since filing this Motion, the Court directed BBK to file a motion in limine regarding this same issue. (*See id.* at 12.)

Finally, in the alternative BBK asks the Court to strike CCA's September 5, 2024 supplemental disclosure and preclude CCA from relying on any facts or theories not disclosed by the original May 14, 2021 deadline. (Doc. 522 at 5.) Again, BBK identifies no authority to support striking CCA's disclosure. BBK references Rules 37(b)(2), (c)(1) of the Federal Rules of Civil Procedure. (Doc. 522 at 2.) But BBK does not engage in any substantive analysis as to how Rule 37 requires the Court to strike CCA's additional disclosure. (*See* Docs. 522, 531.) Again, the Court believes this issue is "better suited for a motion in limine before trial." (Doc. 556 at 12.)

. . . .

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** denying BBK's Motion to Supplement. (Doc. 522.)

Dated this 28th day of February, 2025.

Michael T. Liburdi
United States District Judge