**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP,<br><br>Plaintiff,<br><br>v.<br><br>Central Coast Agriculture Incorporated,<br><br>Defendant. | No. CV-19-05216-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant Central Coast Agriculture, Inc.'s ("CCA") Motion to Strike Jury Demand (the "Motion"). (Doc. 558.)

**I.**

The relevant factual background and procedural history have been thoroughly addressed in prior orders, including the Order regarding summary judgment. (*See* Doc. 443.) As such, the Court only briefly restates the facts relevant to deciding the pending Motion.

Plaintiff BBK Tobacco & Foods LLP's ("BBK") Amended Complaint seeks relief for trademark infringement and unfair competition under federal and Arizona law. (Doc. 60.) BBK seeks disgorgement of profits, injunctive relief, and corrective advertising damages on these claims. (*Id.*; Doc. 558-1 at 4-7.) BBK demands a jury trial in its Complaint. (Doc. 60.)

Fact discovery closed on May 14, 2021. (Doc. 31 at 2.) Dispositive motions were due by January 14, 2022. (*Id.* at 5.) CCA previously filed two motions for partial summary

judgment with leave from the Court for the second. (Docs. 182, 203.)

On August 6, 2024, the Ninth Circuit reversed the Court's summary judgment on Counts I-V. (Doc. 466-1 at 6.) The Court then reopened summary judgment on the remaining claims. (Doc. 470.) CCA subsequently filed its third motion for summary judgment (Doc. 485), which the Court granted in part and denied in part on February 28, 2025 (Doc. 556).

CCA now files the present Motion to strike BBK's jury demand on the basis that BBK has not presented sufficient evidence regarding its harm.

## II.

The Seventh Amendment provides that, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. "The Seventh Amendment guarantees a litigant's right to a jury trial on 'suits at common law.'" *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc*., 778 F.3d 1059, 1074 (9th Cir. 2015) (citing U.S. Const. amend. VII). "'Suits at common law' include statutory claims that are legal (as opposed to equitable)." *Id.* at 1075 (citing *Feltner v. Columbia Pictures Television, Inc*., 523 U.S. 340, 348 (1998)). "[A]wards of actual damages . . . generally are thought to constitute legal relief." *Feltner*, 523 U.S. at 346 (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962)).

## III.

The Parties agree that BBK has no right to a jury trial on the equitable remedies it seeks. (Doc 558 at 2.) The Parties dispute whether BBK is entitled to a jury trial based on its claims for corrective advertising damages. (*See* Docs. 558 at 3, 559 at 3.) This Order focuses on BBK's right to a jury trial on its corrective advertising claims.

CCA argues that none of the remaining claims are triable to a jury based on a lack of evidence and thus, BBK's jury demand should be stricken. (Doc. 558 at 2-3.) BBK argues that "CCA's Motion is merely a motion for partial summary judgment." (Doc. 559 at 5.)

The Court agrees that CCA's Motion is, in essence, a motion for summary judgment. CCA argues that BBK "cannot produce evidence to support its jury demand." (Doc. 558 at 7.) CCA maintains that BBK cannot show a genuine issue of fact for trial regarding BBK's harm. (*Id*. at 2.) CCA admits that the analysis it seeks is evaluated under the Federal Rule of Civil Procedure 56, the same standard as a motion for summary judgment. (*Id*. at 7.); *see Mittelstadt v. Summit Cnty. Legal Aid Soc*., 825 F.2d 411, at *3 (6th Cir. 1987) (unpublished table decision) ("The substance of the damage claims [in a motion to strike a jury demand] are tested under the same standards as those applicable to a motion for summary judgment under Fed. R. Civ. P. 56.").

The deadline to file dispositive motions was on January 14, 2022. (Doc. 31 at 5.) The Scheduling Order states that each Party is permitted only one motion for summary judgment under Rule 56 without leave from the Court. (*Id*.) While the Parties stipulated to the filing of this Motion (*See* Doc. 546), neither the Parties nor the Court agreed to what is essentially another motion for summary judgment. As BBK noted, it was unaware that the Motion would raise an "absence of proof" issue. (Doc. 559 at 6 n.5.)

CCA's Motion is not a typical motion to strike the jury demand; it asks the Court to address substantive legal and evidentiary issues appropriate for a motion for summary judgment. Yet CCA did not raise these issues in its previous motions for summary judgment when it had the opportunity to do so.

BBK offers several pieces of evidence which concern harm to BBK because of the alleged trademark infringement. BBK presents advertising expenditures evidencing the goodwill of the RAW marks (Doc. 559 at 12), testimony (Doc. 559-4 at 3-4) and email correspondence (Doc. 559-2 at 2) from Joshua Kesselman pertaining to consumer confusion, testimony from Matthew Colvard (Doc. 558-3 at 7) concerning "potential" harm, and an expert report regarding consumer confusion from Dr. Jeffrey Stec (Doc. 314-1 at 6-7).

The Court abstains from addressing whether this evidence is sufficient to warrant relief at this stage. *See Forest Hills Early Learning Ctr., Inc. v. Lukhard*, 728 F.2d 230,

233, 245 (4th Cir. 1984) (upholding denial of summary judgment because although summary judgment could have been granted, there were "critical inadequacies in the record"); *Flores v. Kelley*, 61 F.R.D. 442, 445–47 (N.D. Ind. 1973) (exercising discretion to deny partial summary judgment where some issues were technically ripe for summary disposition but intertwined with issues not proper for summary adjudication).

BBK timely demanded a jury trial. (*See* Doc. 60); Fed. R. Civ. P. 38(b)(1). BBK seeks corrective advertising costs, which are a form of actual damages. *Adray v. Adry–Mart, Inc.*, 76 F.3d 984, 988 (9th Cir. 1995) ("An award of the cost of corrective advertising, like compensatory damage awards in general, is intended to make the plaintiff whole. It does so by allowing the plaintiff to recover the cost of advertising undertaken to restore the value plaintiff's trademark has lost due to defendant's infringement."). An award of actual damages is generally considered legal relief. *Feltner*, 523 U.S. at 346. The Seventh Amendment protects the right to a jury for this legal claim. *Fifty-Six Hope Rd. Music,* 778 F.3d at 1074.

**IV.**

Accordingly,

**IT IS ORDERED** denying CCA's Motion. (Doc. 558.)

Dated this 30th day of May, 2025.

Michael T. Liburdi
United States District Judge