**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods LLP,<br><br>   Plaintiff,<br><br>v.<br><br>Central Coast Agriculture Incorporated, et al.,<br><br>   Defendants. | No. CV-19-05216-PHX-MTL<br><br>**ORDER** |

The Court has considered the briefing on Plaintiff BBK Tobacco & Foods LLP's ("BBK") Motion to Modify the Protective Order. (Doc. 566.)

Years ago, at the beginning of this case, the Court entered a Protective Order to govern discovery shared between the parties. (Doc. 52.) Of concern to the parties and the Court alike was the overlapping nature of the parties' businesses and the risk of disclosing proprietary financial information. *See* Fed. R. Civ. P. 26(c)(1)(G). The Protective Order thus contains a "Highly Confidential" attorneys'-eyes-only provision that excludes most party representatives from viewing documents of proprietary value.

BBK now seeks to modify the Protective Order allowing its founder and owner Joshua Kesselman to view a chart of Defendant Central Coast Agriculture Incorporated's ("CCA") revenues over several years. CCA designated this material as Highly Confidential, and it is subject to the heightened protection of the Protective Order. BBK argues that the proposed modification facilitates Mr. Kesselman participating in the upcoming mediation. CCA opposes the motion because divulging this proprietary

information to Mr. Kesselman poses a business risk since BBK may expand its operations into the cannabis market, should cannabis become legal under federal law. CCA further argues that BBK's general counsel may review Highly Confidential material, and he will adequately advise his client at the mediation.

"[D]istrict courts have inherent authority to grant a motion to modify a protective order where 'good cause' is shown. A party asserting good cause bears the burden to show that specific prejudice or harm will result if the motion is not granted." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (citing *Phillips ex rel. Ests. of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)) (citation modified).

The Court finds that BBK has not satisfied its burden. Of primary concern is the risk of competitive injury to CCA if the revenue numbers are misused by Mr. Kesselman, other BBK personnel, or otherwise publicly disclosed. BBK's argument that the information will be disclosed publicly at trial is of little concern for two reasons. First, the revenue numbers are relevant to an issue that will be tried to the Court, not a jury. Second, other provisions in the Protective Order as well as the Federal Rules of Civil Procedure address the use of highly confidential information at trial and offer procedural protections, e.g., filing under seal. And, finally, BBK's general counsel has access to these numbers and can advise Mr. Kesselman adequately during the mediation.

**IT IS THEREFORE ORDERED** that the Motion to Modify the Protective Order (Doc. 566) is **DENIED**.

Dated this 5th day of August, 2025.

Michael T. Liburdi
United States District Judge